UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-382 JAR |
| ) | |
| UPS FREIGHT and INTERNATIONAL ) | |
| BROTHERHOOD OF TEAMSTERS, ) | |
| LOCAL 600, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss. (Doc. Nos. 9, 11) Plaintiff did not respond to either motion.[1]

**Background**

Plaintiff originally filed this action against her former employer, Defendant UPS Freight ("UPS"), and labor union, Defendant Teamsters Local 600 ("Teamsters") in the Circuit Court of St. Louis City on December 17, 2014. UPS timely removed the action to this Court on February 27, 2015. (Doc. No. 1) In her complaint, Plaintiff alleges UPS terminated her employment on January 27, 2014. (Complaint ("Compl."), Doc. No. 5, at ¶ 2) In February 2014, she filed a charge of discrimination against UPS alleging, inter alia, that UPS retaliated against her for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964. (Id. at ¶¶ 3, 8; Doc. No. 12-1) On May 20, 2014, Plaintiff went before a company panel to appeal her

---

[1] In an Order entered April 17, 2015, the Court granted Plaintiff until April 24, 2015, within which to respond to Defendants' motions, and warned that failure to do so would result in the Court's ruling on Defendants' unopposed motions. (Doc. No. 15) To date, the Court has not received any response from Plaintiff. Therefore, the Court rules on Defendants' unopposed motions to dismiss.

termination, which was affirmed by letter dated May 22, 2014. (Id. at ¶ 4) Plaintiff alleges that UPS "failed to follow procedures before, during and after her termination" and retaliated against her for filing an EEOC complaint. (Id. at ¶ 5) She further alleges that Teamsters failed to adequately represent her at the termination hearing and discriminated against her based on sex, age and disability. (Id. at ¶¶ 11, 12) Plaintiff states she received right to sue letters and filed her action within the time to sue. (Id. at ¶ 8) Both UPS and Teamsters have moved to dismiss Plaintiff's claims as time-barred.

**Legal standard**

In ruling on a motion to dismiss, the Court must assume all the facts alleged in the complaint are true, and liberally construe the complaint in the light most favorable to Plaintiff. Foster v. Deutsche Bank Nat. Trust Co., 2012 WL 5285887, at *2 (E.D.Mo. Oct. 25, 2012) (citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008)). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). When considering a Rule 12(b)(6) motion based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011); Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008).

**Discussion**

In Count I of her complaint, Plaintiff alleges UPS retaliated against her for filing a charge of discrimination with the EEOC. (Compl. at ¶ 5) A plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e–5(f). Failure to

file a timely civil action warrants dismissal of the complaint. See, e.g., Braxton v. Bi–State Development Agency, 728 F.2d 1105, 1108 (8th Cir.1984).

UPS argues Plaintiff failed to timely file her claims within ninety days of the EEOC's notice of right to sue. (Doc. No. 12 at 4) In support of its motion to dismiss, UPS submits copies of Plaintiff's EEOC Notice of Right to Sue, dated February 20, 2014 (Doc. No. 12-2) and MCHR Notice of Right to Sue, dated March 4, 2014 (Doc. No. 12-3), as well as Plaintiff's EEOC Charge of Discrimination. (Doc. No. 12-1) The Court takes judicial notice of these documents as public records, without converting the instant motion to a motion for summary judgment. See Faibisch v. Univ. of Minn., 304 F.3d 797, 802-03 (8th Cir.2002). The Notice of Right to Sue from the EEOC indicates it was issued on February 20, 2014. The ninety-day period from the date of receipt of the EEOC right to sue letter elapsed on approximately Wednesday, May 21, 2014. Plaintiff did not file her action until December 17, 2014.[2] The Court will, therefore, dismiss Count I of Plaintiff's complaint as untimely.

In Count II of her complaint, Plaintiff alleges a claim against Teamsters for breach of its duty of fair representation. Such claims are governed by a six-month limitations period. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983). Courts have generally held that the limitations period begins to run when the employee knows or reasonably should know that the union has breached its duty of fair representation. Becker v. Int'l Bhd. of Teamsters Local 120, 742 F.3d 330, 333 (8th Cir. 2014). In Becker, for example, the Eighth Circuit held that an employee knew, or had reason to know, of a union's alleged breach of the duty of fair representation related to its handling of a facility closure agreement with the employer when he

---

[2] The ninety-day time period from the date of the receipt of the MCHR right to sue letter elapsed on approximately Monday, June 2, 2014. There is, however, no indication in the complaint that Plaintiff is proceeding with a retaliation claim under the Missouri Human Rights Act against UPS.

filed an unfair labor practices charge against the union with the NLRB, thereby triggering the six month limitations period. See also Skyberg v. United Food & Commercial Workers Int'l Union, 5 F.3d 297, 301 (8th Cir. 1993); Schuver v. MidAmerican Energy Co., 154 F.3d 795, 800 (8th Cir. 1998); Scott v. UAW Local 879, 242 F.3d 837, 839 (8th Cir. 2001).

Here, Plaintiff alleges Teamsters failed to properly represent her at the May 20, 2014 appeal hearing, and that as a result, her discharge was upheld, a fact made known to her on May 22, 2014, when her termination was affirmed. According to Teamsters, Plaintiff should reasonably have known of the alleged breach, at the absolute latest, when she received notice that her termination was upheld on May 22, 2014. (Doc. No. 10 at 5)

"A breach of the duty of fair representation is apparent to the union member at the time that he learns of the union's action or inaction about which he complains." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 165 (2nd Cir. 1989). "[T]he statute of limitations begins to accrue against the … union when the employee had actual or constructive notice that the union has breached its duty of fair representation." Demchik v. General Motors Corp., 821 F.2d 102, 105 (2nd Cir. 1987). Here, Plaintiff was notified that her termination had been upheld on May 22, 2014. Thus, May 22, 2014 was the first date on which she could have asserted a claim based on the alleged breach of the duty of fair representation. Accordingly, Plaintiff was required to file her complaint within six months of that date, and no later than November 22, 2014. Having failed to do so, Count II of Plaintiff's complaint is time-barred and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendant Local 600 to Dismiss for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant UPS Freight's Motion to Dismiss [11] is **GRANTED**.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 14th day of July, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**